UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| ANDREA TURLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:09cv-986-S |
| | ) |
| NORTON HEALTHCARE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Andrea Turley ("Turley"), by counsel, brings this action against Defendant, Norton Healthcare, Inc. ("Defendant") alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq. and Kentucky Revised Statute ('KRS") 344.010 et. seq.

**II. PARTIES**

2. Turley is a resident of Jefferson County in the Commonwealth of Kentucky. At all times relevant to this action, she resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Western District of Kentucky.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. §1367 and 42 U.S.C. §12117.

5. Turley's state law claim arises from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A) and KRS344.030(2).

7. Turley, at all times relevant, was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and KRS344.030(5).

8. Turley has a "disability" as that term is defined by 42 U.S.C. § 12102(2) and KRS 344.010(4).

9. Turley is a "qualified individual with a disability" as defined by 42 U.S.C. § 12111(8) and KRS 344.040(1).

10. Turley exhausted her administrative remedies by timely filing a charge of discrimination against Defendant with the Equal Employment Opportunity Commission, claiming discrimination based on disability, and filing this complaint within ninety days of receipt of her Notice of Right to Sue.

11. The events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Western District of Kentucky, thus venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

12. Turley was hired by Defendant on or about November 12, 2007 to work in Insurance Verification.

13. Turley suffers from an impairment that substantially limits one or more of her major life activities and, therefore, suffers from, has a record of, and/or was regarded as having a "disability" as that term is defined by 42 U.S.C. §§ 12102(2).

14. Turley was diagnosed with complex partial seizures in or about April 2008 after suffering a significant seizure episode in the workplace. Turley's condition is considered a chronic and permanent condition. Turley may suffer several seizures each day that manifest in staring episodes and facial numbness followed by headache, memory loss, weakness and fatigue. During a seizure event, Ms. Turley is completely incapacitated.

15. Nevertheless, Turley could perform all the essential functions of the Insurance Verification position with and/or without an accommodation and was therefore "qualified" as defined by 42 U.S.C. § 12111(8).

16. Defendant was aware of Turley's seizure disorder  In fact, Ms. Turley had her first significant seizure at work. On March 6, 2008, Ms. Turley suffered a seizure at work that was witnessed by her co-worker, Felicia Drew. During the seizure, Drew called Athleen Dickerson and Kathleen Ryan, her supervisors, to assist Turley. Turley was transported from the office to the emergency room on a gurney. On March 10, 2008, Turley returned to work and informed Dickerson that she was seeing her family physician for an official diagnosis and confirmed that she had had a seizure on March 6th. On April 4, 2008, Turley had a second seizure while at work. This time she was rushed to Audubon Hospital; however she was able to return to work the following day.

17. Turley was finally diagnosed on April 14, 2008 by her Neurologist, Darin A. Harden, M.D., and she was started on medication to control her seizures. Turley's diagnosis was

provided to Defendant via a Certification of Health Care Provider form. Turley remained on medical leave for six weeks to adjust to her medication and returned to work at the end of May. Upon her return to work, at the direction of her physician, Turley requested two accommodations: (1) an LCD screen for her computer because the flickering from her standard screen could trigger a seizure and (2) that she be allowed to take a short five (5) minute break each hour to avoid fatigue which could also trigger a seizure. Defendant provided Turley both of the accommodations.

18. Approximately four weeks later, Turley had another seizure event at work. She felt the onset of a headache and put her head down on her desk. The floor supervisor, Latricia Stiles, jerked Turley's head up from her desk. This forceful act triggered another seizure. After the seizure, Stiles brought Turley into the break room, pushed the phone on her and suggested that she call someone to take her home. Turley was told by Athleen Dickerson that she could not return to work unless she could guarantee that she would not have a seizure. Turley provided a letter from her physician to Defendant that addressed the effects of her disability and noted that the threats and harassment from Turley's supervisor's regarding the loss of her position could be viewed as discrimination under the ADA.

19. In or about early July 2008, Turley experienced difficulties with her disabling condition that resulted in another leave of absence. Turley was scheduled to return to work on September 2, 2008. Turley's physician preferred that Turley return to the workforce in a part-time capacity. However, when Turley requested such an accommodation, Defendant failed to engage in the interactive process and refused to provide the requested accommodation. Further,

Defendant placed Turley on administrative leave and told her that she had sixty days to find another position or her employment would be terminated.

20. Given the Defendant's refusal to accommodate her, Turley returned to her physician and requested that she be released to return full time as it appeared that her continued employment with Defendant depended upon it. Reluctantly, Turley's physician allowed her to try to return to work full time. When Turley notified Defendant that she could return to work full time, Defendant told her that it planned to fill her position. At the time, her position had not been filled and Turley was not considered as a candidate to fill her prior position on the basis of her disability.

21. During her administrative leave, Turley diligently sought other positions that would have allowed her to continue working. Her attempts, however, were repeatedly frustrated by the Defendant. Turley was supposed to work with Jason Coffey, Defendant's Retention Manager. Coffey cancelled several appointments with Turley to help place her in a new position. After nearly three weeks, Coffey finally provided a list of open positions to Turley. Turley identified several positions from the list, including her former position, for which she requested that Coffey submit her resume. Coffey indicated to Turley that they would not take her back in Insurance Verification.

22. Near the end of September, Turley interviewed for two positions. Turley received a position as a receptionist with Louisville Arm & Hand. After approximately four days in the position, Turley's supervisor, Kathleen Lyons, removed Turley from the position. Lyons indicated that she had spoken to Coffey and was made aware of Turley's disability. Lyons

arbitrarily and unilaterally decided that Turley could not perform the position due to her disability.

23. Coffey informed Turley that he had spoken with Lyons and that Turley should not return to the position. In addition, Coffey indicated that he had spoken to Tricia, who was the decision-maker for the other position for which Turley had interviewed, about Turley's disability. Turley did not receive this position either.

24. Coffey sent Turley an updated list of open positions. Turley identified approximately six (6) positions for which she requested Coffey send her resume for consideration. Since returning this list, Coffey has not returned Turley's calls and Turley has not been interviewed or selected for any position.

## V. CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION

25. Turley hereby incorporates paragraphs one (1) through twenty-four (24) of her Complaint.

26. Defendant violated Turley's rights by terminating her employment because of her disability.

27. Defendant's actions were intentional, willful and in reckless disregard of Turley's rights as protected by the ADA and KRS 344.040.

28. Turley has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II: DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE

29. Turley hereby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint.

30. Defendant failed to engage in the interactive process mandated by the ADA.

31. Defendant failed to provide a reasonable accommodation for Turley's disability.

32. Defendant's actions were intentional, willful and in reckless disregard of Turley's rights as protected by the ADA and KRS 344.040.

33. Turley has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Andrea Turley, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages for Defendant's violations of the ADA and KCRA;

5. Punitive damages for Defendant's violation of the ADA;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER & DUTKANYCH, LLC
By: /s/ Andrew Dutkanych III

Andrew Dutkanych III, Attorney No. 91190
101 North Seventh Street
Louisville, KY 40202
Telephone: (502) 561-3418
Facsimile: (502) 561-3444
Email: ad@bdlegal.com

Attorneys for Plaintiff, Andrea Turley

## **DEMAND FOR JURY TRIAL**

Plaintiff, Andrea Turley, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER & DUTKANYCH, LLC

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III, Attorney No. 91190
101 North Seventh Street
Louisville, KY 40202
Telephone: (502) 561-3418
Facsimile: (502) 561-3444
Email: ad@bdlegal.com

Attorneys for Plaintiff, Andrea Turley